UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SANDRA DARLENE BLISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-14-TLS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Sandra Darlene Bliss, seeks review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits and for supplemental security income. The Plaintiff puts forth one basis for remand. For the reasons that follow, the Court affirms the final decision of the Acting Commissioner.

**BACKGROUND**

On September 11, 2014, the Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (R. 18.) She also protectively filed a Title XVI application for supplemental security income on the same day. (*Id.*) In both applications, she alleged disability beginning September 5, 2014. (*Id.*) Her claims were denied initially on December 8, 2014, and upon reconsideration on March 6, 2015. (*Id.*) Thereafter, the Plaintiff filed a written request for a hearing. (*Id.*) The request was granted and on July 26, 2016, the Plaintiff appeared with counsel and testified at a hearing held before an Administrative Law Judge (ALJ). (*Id.*) The Plaintiff's

former spouse, Michael Bollinger, also testified at the hearing. (*Id.*) Amy Kutschbach, a vocational expert (VE), also appeared and testified at the hearing by telephone. (*Id.*) On September 2, 2016, the ALJ denied the Plaintiff's application, finding she was not disabled through the date of the decision.[1] (R. 15–34.) The ALJ's decision became the final decision of the Commissioner on November 16, 2016, when the Appeals Council denied the Plaintiff's request for review. (R. 2–4.) On January 15, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity. *Id.* In the case at hand, the ALJ found that the claimant engaged in substantial gainful activity from July 2015 to September 2015. (R. 20.) However, there was a continuous 12-month period during which the claimant did not engage in substantial

---

[1] All citations to regulations in this Opinion and Order are to the versions of the regulations in effect on the date of the ALJ's decision, September 2, 2016.

activity. (R. 21.) The ALJ's decision addressed the period during which the Plaintiff did not engage in substantial gainful activity. (*Id.*)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under §§ 404.1520(c), 416.920(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including low back pain due to spondylosis/multilevel degenerative changes, with radiculitis; bilateral trochanteric bursitis; bilateral knee pain with mild medical tilt/osteoarthritis of the knees; history of urinary stress incontinence, status post trans-obturator taping in October 2014, with overactive bladder problems; obesity and hypertension; depressive disorder/bipolar, anxiety disorder, borderline personality disorder; and suggested borderline intellectual functioning. (R. 21.) The ALJ found that the medical evidence established that these impairments significantly affected the Plaintiff's ability to perform basic work activities and accordingly were severe within the meaning of the Social Security Act and regulations. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." §§ 404.1520(d), 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do, despite her limitations—to determine whether she can perform "past relevant work" (§§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv)), or whether the claimant can "make an

adjustment to other work" given the claimant's "age, education, and work experience" (§§ 404.1520(a)(4)(v), 416.920(a)(4)(v)).

The ALJ determined that the Plaintiff did not have an impairment or combination of impairments that meets or medically equaled the severity of one of the listed impairs in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that she had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), in that she could lift or carry ten pounds, using both hands, frequently or occasionally, and she could stand or walk up to two hours in an eight-hour workday and sit at least six hours in an eight-hour work day. (R. 24.) She did require further limitations:

> [She] also needs a sit/stand option (which allows for alternating between sifting [sic] and standing up to every 30 minutes, if needed, but the positional change will not render the individual off task). She is limited to only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, but never climbing ladders, ropes, or scaffolds. Mentally, the claimant can have no fast-paced work or work requiring a regimented pace of production and no sudden or unpredictable workplace changes in terms of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually. She is further limited to only occasional interactions with others, including supervisors, coworkers, and the general public.

(R. 24–25.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled from her alleged onset date through the date of the ALJ's decision (August 30, 2016). (R. 34.) The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 27.) Finally, although the Plaintiff was unable to perform any past relevant work, the ALJ found that there were jobs that exist in significant

4

numbers in the national economy that the Plaintiff could perform given her age, education, work experience, and RFC. (R. 32–33.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court examines the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 305–06. The Court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [the ALJ's] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff appears to raise a single issue on appeal, which is that the ALJ did not acknowledge and weigh a treating psychologist's opinions properly. The Plaintiff reasons that this error resulted in a defective "paragraph B" criteria analysis, and thus the RFC does not contain all the mental health and other limitations supported by the evidence. The Defendant disagrees, and asserts that the ALJ properly evaluated the opinion evidence and that substantial evidence supports the ALJ's decision.

The Plaintiff bears the burden to show a mental impairment listing at step three. To do so, she must show two of the following "paragraph B" criteria: "marked" restriction of activities of daily living; "marked" difficulties in maintaining social function; "marked" difficulties in maintaining concentration, persistence, or pace; or, repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Listings) § 12.00. At step three, the ALJ evaluated these four functional areas to determine the extent of the Plaintiff's alleged mental

impairment. (*See* R. 23–24.) The ALJ found the Plaintiff had mild restriction in activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence, or pace; and one or two episodes of decompensation, each of extended duration. (*Id.*) The Plaintiff contends that the ALJ should have found marked or greater difficulties in these four functional areas, and would have done so if the ALJ had appropriately considered certain opinions. The case should therefore be remanded for the ALJ to properly consider these opinions.

The Plaintiff asserts that the opinions of John Musgrave, Psy.D., a treating psychologist, require reconsideration for a proper "paragraph B" analysis at step there. She highlights several opinions by Dr. Musgrave which she claims that ALJ did not discuss in its decision. (Pl. Brief at 14–15.) The Plaintiff contends that that "[t]hese opinions singly, in combination with each other, or in combination with other factors already identified by the ALJ, may support a 'moderate[,]' a 'marked[,]' or an 'extreme' gradation." (*Id.* at 15.) The opinions to which she cites, however, are not opinions attributable to Dr. Musgrave.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairments(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a), 416.927(a). The Plaintiff has put forth opinions which are either provided by a non-medical source rather than Dr. Musgrave, or which do not appear to involve Dr. Musgrave at all.

According to the Plaintiff, Dr. Musgrave's opinions can be found in six different pieces of medical evidence from the Park Center. One opinion stems from an evaluation performed by Alejandra Gil, M.A., on July 1, 2015. (Pl. Brief 14 n.42.) Gil's note was not signed by Dr.

7

Musgrave until six days later, and then was done so to verify that the diagnosis and plan were appropriate. (R. 528, 530.) Gil is not a medical source under the Social Security regulations. *See* 20 C.F.R. §§ 404.1513, 416.913.

Another opinion stems from a note dated September 23, 2015. (Pl. Brief 14 n.44, 16 n.49.) Here, Dr. Musgrave is listed as a member of the Plaintiff's treatment team. (R. 535–39.) However, Melissa Collingsworth, M.S.W., prepared the note. (R. 538.) Like Gil, she is not an acceptable medical source as defined in the Social Security regulations.

A third opinion stems from December 14, 2015. (Pl. Brief 15 n.48.) Ms. Collingsworth assessed the Plaintiff's treatment plan (R. 746–52), and Dr. Musgrave did not sign the document (R. 752).

A fourth opinion arises from February 23, 2016. (Pl. Brief 17 n.53.) Here, Syed Mumtaz, M.D., wrote inpatient admissions orders for the Plaintiff. (R. 728–29.) Other providers similarly logged information on the Plaintiff's treatment plan during the days that followed, including Maxine Stoner, R.N.; Richard Horstmeyer, M.D.; Viann Ellsworth, R.N., M.S.N., C.N.S.-B.C.; Teresa Lynch, A.S.N., R.N.; and Jason Burnett, M.S.Ed. (R. 728–34.) Dr. Musgrave did not log any information regarding the Plaintiff's treatment in these notes.

On February 24, 2016, Jason Burnett, M.S.E.d., and Maxine Stoner, R.N., detailed the Plaintiff's halfway house discharge plan. (R. 722–27.) Neither is an acceptable medical source under the Social Security regulations. Larry Lambertson, M.D., provided a supervisory signature two days later. (R. 727.) The report does not name Dr. Musgrave.

Finally, the Plaintiff points to March 11, 2016, for the final opinion from Dr. Musgrave. (Pl. Brief 15 nn.45–48, 16 nn.50–51, 17 n.52.) Here, Cody Kohn, B.A., reviewed the Plaintiff's treatment plan. (R. 809–13.) The treatment team did not include Dr. Musgrave. (*See id.*)

The Court does not find that the ALJ erred in considering Dr. Musgrave's medical opinions. Further, the opinions that the Plaintiff urges as a basis for remand do not appear to be Dr. Musgrave's opinions.

The ALJ discussed the medical evidence and observation notes from Park Center, including the assessments by Gil and Collinsworth. (R. 30–31.) The ALJ noted that at Park Center the Plaintiff reported symptoms of mood swings, frustration, and self-blame. (R. 30.) The ALJ pointed out that her condition improved, until she went through a divorce. (*Id.*) The ALJ commented that her mood fluctuated, and she had feelings of paranoia, depression, hopelessness, and helplessness. (*Id.*) The ALJ observed that the Plaintiff's main mental limitation came from her difficulty getting along with others, and developed the RFC to alleviate this limitation. (R. 31.) The ALJ also included the following psychological limitation in the RFC to accommodate the Plaintiff:

> Mentally, the claimant can have no fast-paced work or work requiring a regimented pace of production and no sudden or unpredictable workplace changes in term of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually. She is further limited to only occasional interactions with others, including supervisors, coworkers, and the general public.

(R. 25.)

The Court is satisfied that substantial evidence supports the RFC. The RFC takes into account the Plaintiff's "moderate" limitations in both social functioning and with regard to concentration, persistence, or pace. The Plaintiff finally insists, without citing legal authority, that the ALJ must tailor an RFC to her limitations with regards to not only pace, but concentration and persistence as well. The Court, though, is convinced that the RFC adequately addresses the Plaintiff's "moderate" limitations in concentration, persistence, or pace—see 20 C.F.R. §§ 404.1520a(c), 416.920a(c)— and is supported by substantial evidence.

The Plaintiff has not identified an area where the ALJ improperly weighed evidence to determine that these limitations were "moderate" rather than "marked" or "extreme." The Court declines to re-weigh the evidence to draw its own conclusion.

**CONCLUSION**

Accordingly, the Court AFFIRMS the decision of the Acting Commissioner of the Social Security Administration.

SO ORDERED on March 7, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT